**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

JANICE PELTIER,

          Plaintiff      3:23-cv-31

v.

               Action for Negligence and Gross Negligence

Waypoints Saint Thomas, LLC,
Constantine Bakas, individually, and
Costar Sailing LLC

          Defendants    **JURY TRIAL DEMANDED**

_____/

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Janice Peltier ("Peltier" or "Plaintiff"), by and through her undersigned counsel, and alleges for her First Amended Complaint against Waypoints Saint Thomas, LLC, Constantine Bakas, individually, and Costar Sailing LLC as follows:

**PARTIES**

1. Plaintiff Janice Peltier ("Peltier" or "Plaintiff") is an adult, competent, citizen of the United States and resident of Florida with a mailing address of 434 Cerromar Lane, Unit 374, Venice, FL 34293.

2. Waypoints Saint Thomas, LLC ("Waypoints") is a U.S. Virgin Islands limited liability company (entity identifier DC0116712) with an address of Royal Palms Professional Building, 62-3a & 62-3b Estate Thomas, Suite 101, St Thomas, VI 00802 and a registered agent of Business Basics VI, LLC at the same address.

3. Constantine Bakas ("Bakas") is an individual with a mailing address of 11 Larboard Lane Southampton, NY 11698.

4. Costar Sailing LLC ("Costar") is, upon information and belief, a limited liability company with an address of 11 Larboard Lane Southampton, NY 11698.

**JURISDICTION AND VENUE**

5. Pursuant to 5 V.I.C. §76 this Court has jurisdiction in this matter.

6. Pursuant to 5 V.I.C. §78 venue is proper in the district of St. Thomas and St. John.

7. Pursuant to 28 U.S.C. 1333 – specifically the 'saving to suitors clause' – this action may be heard in the Superior Court of the Virgin Islands and the Plaintiff is entitled to a jury trial.

## FACTUAL ALLEGATIONS

8. The S/V BAREFOOT OASIS a 45.8' catamaran, with USCG primary vessel number 1301436, her apparel, tackle, appurtenances, etc. (the "Vessel" or "S/V Barefoot Oasis" or "S/V BO") is a sailing catamaran and is now docked or located at Frenchtown Marina in St. Thomas, U.S. Virgin Islands.

9. The Vessel is owned by Constantine Bakas and Costar Sailing LLC.

10. To the extent that Costar Sailing LLC is claiming an ownership interest in the Vessel, Costar is the alter ego of Constantine Bakas.

11. Constantine Bakas is listed as the owner of the Vessel in documentation that was signed with Waypoints regarding the Vessel.

12. The Vessel is operated as a charter boat by Waypoints.

13. Bakas, Costar, and Waypoints (collectively the "Defendants") have a written agreement for Waypoints to exclusively manage and charter the Vessel.

14. Waypoints has managed the Vessel since at least August 1, 2022.

15. Waypoints is an experienced vessel manager – managing at least twenty-five (25) vessels in the U.S. Virgin Islands alone.

16. Bakas and Costar are experienced vessel owners and own at least one other vessel in the U.S. Virgin Islands – the S/V Carpe Aura, the subject of a lawsuit in the District Court of the U.S. Virgin Islands assigned civil no. 3:21-cv-59.

17. On November 17, 2022, prior to the departure of the planned sailing trip, Waypoints employees escorted Janice Peltier to the Vessel.

18. The Waypoints employees did not offer any directions, warning, or other instructions regarding the condition or use of the Vessel.

19. The lack of warnings, specifically related to the dangerous stairway, is memorialized in Waypoints' "Notes on Sleepaboard Briefing" which outlines instructions that Waypoints would normally give which only included the lights, fans, a/c, stove, and heads.

20. The Vessel was in an unreasonably dangerous condition which included, but is not limited to, a dangerously designed set of interior stairs leading from the galley area to the lower berths.

21. During Bakas and Costar's ownership of the Vessel, and Waypoints management of the Vessel, the stairway was in the same condition as the condition of the stairway in November 2022.

22. This stairway had no barrier or warning signs or any mechanism to warn of the stairway.

23. Bakas and Costar owned the Vessel and Waypoints managed the Vessel for a long enough period of time to discover any defective or dangerous conditions by November 2022.

24. The defective and dangerous condition of the stairway was discoverable by Defendants in the exercise of normal diligence – it had existed for over 13 months while Defendants were in possession of the Vessel.

25. The defective and dangerous condition of the stairway was foreseeable to the Defendants as an area of the Vessel where a person would be seriously injured.

26. Defendants' failure to warn of the dangerous conditions, or to rectify the dangerous condition, was done intentionally and/or recklessly and resulted in Defendants engaging in extreme and outrageous conduct that exceeds all possible bounds of decency such that it is regarded as atrocious and utterly intolerable in a civilized society.

27. Prior to November 17, 2022 – when Janice Peltier, for the very first time, stepped aboard the Vessel – the Defendants failed to correct the defective and dangerous condition of the stairway.

28. Prior to November 17, 2022 – when Janice Peltier, for the very first time, stepped aboard the Vessel – the Defendants failed to verbally warn, or place and warning signs or barriers to warn about the defective and dangerous condition of the stairway.

29. On November 17, 2022, Janice Peltier fell down the dangerous and defective stairway.

30. On November 17, 2022, the Vessel was not underway on navigable waters – the Vessel was tied to a dock in St. Thomas, USVI.

31. As a result of her fall Janice Peltier suffer serious medical injuries, which include but are not limited to:

    a. Burst type fracture of the L1 vertebral body with anterior height loss of approximately 30%.

    b. Posterosuperior bony retropulsion of 8 mm with associated spinal canal narrowing.

    c. Mildly displaced fracture of the dorsal spinous processes of T12.

    d. Acute fracture of the S3 sacral body notably along the anterior margin. Possible involvement of the left S3 neural foramen.

32. As a result of her injuries Janice Peltier was required to seek emergency medical treatment in St. Thomas, U.S.V.I. and the mainland United States.

33. As a result of her injuries Janice Peltier was transported by emergency medical flight to the mainland United States where she underwent emergency surgery.

34. Ms. Peltier has suffered damages which include, but are not limited to, physical injuries, medical bills, pain and suffering, all which are currently present and will continue into the future.

## COUNT 1 – PREMISES LIABILITY (Negligence) (As to ALL Defendants)

35. Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

36. Defendants as the owner and/or possessor of the Vessel, had a duty to warn Ms. Peltier about any potential dangerous conditions related to the Vessel.

37. Defendants failed to provide any instructions to Ms. Peltier regarding the dangerous condition of the stairs located on the Vessel.

38. Defendants were aware, or through the exercise of reasonable care and diligence, should have been aware, of the dangerous condition of the stairs located on the Vessel, as Defendants were in possession of the Vessel for over one (1) year at the time of Ms. Peltier's injury.

39. Defendants did not undertake any steps to remedy the dangerous condition of the stairs located on the Vessel.

40. Defendants did not take any steps to warn Ms. Peltier of the dangerous condition of the stairs located on the Vessel.

41. Defendants breached their duty to Ms. Peltier.

42. As a result of Defendants' negligence Ms. Peltier has been damaged to include compensatory, incidental, special, consequential, and punitive damages, as well as for all costs, expenses, attorneys' fees, and interest.

## COUNT 2 – GROSS NEGLIGENCE (As to ALL Defendants)

43. Plaintiff repeats and realleges all the foregoing paragraphs as though fully set forth herein.

44. The Defendants' owed the Plaintiff a duty to warn of dangerous conditions as set forth herein.

45. The Defendants' breach of their duty to Plaintiff demonstrated a wanton, reckless indifference to the risk of injury to Ms. Peliter.

46. The Defendants' breach of their duty was the proximate cause of the injuries suffered by Ms. Peliter.

47. As a result of Defendants' negligence Ms. Peltier has been damaged to include compensatory, incidental, special, consequential, and punitive damages, as well as for all costs, expenses, attorneys' fees, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment be entered in favor of Plaintiff and against Defendants, and that Plaintiff be awarded the following:

   a. Compensatory damages;

   b. Incidental damages;

   c. Special damages;

   d. Consequential damages

   e. Punitive damages;

   f. Interest;

   g. Attorney's fees and costs;

   h. Any other relief deemed appropriate.

The damages sought are within the jurisdictional limits of this Court. Plaintiff demands a jury trial pursuant to *V.I.R.Civ.P. 38.*

                              Respectfully submitted,
                              **Michael L. Sheesley, P.C.**

Dated: September 15, 2023         s/Michael L. Sheesley
                              Michael Sheesley
                              V.I. Bar No. 1010
                              P.O. Box 307728
                              St. Thomas, VI 00803
                              (412)972-0412
                              michael@sheesley-law.com